UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA NESSEL, Attorney General of the State of
Michigan, on behalf of the People of the State of
Michigan,

       Plaintiff,

v

ENBRIDGE ENERGY, LIMITED PARTNERSHIP,
ENBRIDGE ENERGY COMPANY, INC., and
ENBRIDGE ENERGY PARTNERS, L.P.,

       Defendants.

No. 1:21-cv-01057

HON. JANET T. NEFF

———————————————————————

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND**

Robert P. Reichel (P31878)
Daniel P. Bock (P71246)
Assistant Attorneys General
Attorneys for Plaintiff
Environment, Natural Resources, and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
ReichelB@michigan.gov
BockD@michigan.gov

Dated:  January 14, 2022

# TABLE OF CONTENTS

Page

Index of Authorities ..................................................................................................iii

Introduction ............................................................................................................ 1

Procedural History ................................................................................................. 2

Legal Standards ..................................................................................................... 6

I.      Statutory Removal Timelines. ..................................................................... 7

II.     Remand Due To Lack Of Federal Question Jurisdiction. ............................ 7

Argument................................................................................................................ 8

I.      Enbridge's belated attempt to remove this case is procedurally defective. ..................... 8

        A.      Because the 2019 Complaint was removable under 28 U.S.C. §
                1446(b)(1), Enbridge is foreclosed from removal under 28 U.S.C. §
                1446(b)(3). ................................................................................ 9

                1.      Removability was ascertainable from the initial pleading. ..................... 9

                2.      Enbridge's first responsive pleading in 2019 alleged both express
                        and complete preemption, thereby demonstrating that it had actual
                        notice that the case stated in the Complaint was removable. ................ 10

                3.      Enbridge should be judicially estopped from asserting that the case
                        was not removable under 28 U.S.C. § 1446(b)(1). .............................. 15

        B.      Even under § 1446(b)(3), this Court's Order denying remand of the 2020
                case is not the document from which removability could be "first
                ascertained". .............................................................................. 18

                1.      Removability was ascertainable long ago from various documents
                        filed in state court. .......................................................... 18

                2.      Removability was ascertainable long ago from various documents
                        filed in federal court........................................................ 19

        C.      Enbridge has waived its right to removal....................................... 19

II.     Enbridge's jurisdictional arguments are without merit............................ 21

i

A.    Enbridge cannot establish removal on the basis of *Grable* or federal common law. ............................................................................................. 21

B.    Removal is not proper under 28 U.S.C. § 1442(a)(1) because Enbridge is not "acting under" a federal officer, and the actions for which it is being sued were not taken under color of federal office. ........................................... 23

Relief Requested ...........................................................................................................24

ii

# INDEX OF AUTHORITIES

Page

**Cases**

*Bank of Am. Nat. Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship*,
    526 U.S. 434 119 S.Ct. 1411 L.Ed.2d 607 (1999) ............................................. 14

*Beneficial Nat. Bank v. Anderson*,
    539 U.S. 1  (2003) ............................................................................................. 11

*Beneficial Nat'l Bank v. Anderson*,
    39 U.S. 1 (2003) ................................................................................................ 21

*Bennett v. MIS Corp.*,
    607 F.3d 1076 (6th Cir. 2010) .......................................................................... 24

*Berera v. Mesa Med. Grp.*,
    779 F.3d 352 (6th Cir. 2015) ................................................................ 12, 14, 15

*Brierly v. Alusuisse Flexible Packaging, Inc.*,
    184 F.3d 527 (6th Cir. 1999) .............................................................................. 7

*Caterpillar Inc. v. Williams*,
    482 U.S. 386 (1987) ............................................................................................ 8

*Chavez v. Kincaid*,
    15 F. Supp. 2d 1118 (D.N.M. 1998) ................................................................ 20

*Deaker v. Bell Helicopter Textron, Inc.*,
    No. CIV.A. H-94-2387, 1995 WL 559359 (S.D. Tex. Sept. 21, 1994)............... 14

*Edwards v. Aetna Life Ins. Co.*,
    690 F.2d 595 (6th Cir. 1982) ............................................................................ 16

*Empire Healthchoice Assurance, Inc. v. McVeigh*,
    547 U.S. 677 (2006) .......................................................................................... 22

*Fed. Ins. Co. v. Hartford Steam Boiler Inspection & Ins. Co.*,
    415 F.3d 487  (6th Cir. 2005) .......................................................................... 15

*Franchise Tax Bd. v Constr. Laborers Vacation Trust*,
    463 U.S. 1 (1983)............................................................................................... 21

*Gascho v. Glob. Fitness Holdings, LLC*,
    863 F. Supp. 2d 677 (S.D. Ohio 2012)................................................................ 7

*Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*,
    491 F.3d 320 (6th Cir. 2007) ................................................................. 8

*Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*,
    545 U.S. 308 (2005) .......................................................................... 5

*Harnden v. Jayco, Inc.*,
    496 F.3d 579 (6th Cir. 2007) ................................................................. 7

*Harnden v. Jayco, Inc.*,
    496 F.3d 579, 581 (6th Cir. 2007) .......................................................... 13

*Harvey v. Ute Indian Tribe of Uintah & Ouray Rsrv.*,
    No. 2:13-CV-00862, 2014 WL 2967468 (D. Utah July 1, 2014) ........................ 20

*Heafitz v. Interfirst Bank of Dallas*,
    711 F. Supp. 92 (S.D.N.Y. 1989) ........................................................... 20

*Holiday v. Travelers Ins. Co.*,
    666 F. Supp. 1286 (W.D. Ark. 1987) ...................................................... 14

*Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*,
    535 U.S. 826 (2002) ......................................................................... 21

*Home Depot U. S. A., Inc. v. Jackson*,
    139 S. Ct. 1743 (2019) ....................................................................... 6

*Huffman v. Saul Holdings Ltd. P'ship*,
    194 F.3d 1072 (10th Cir. 1999) ........................................................... 6, 9

*Illinois Cent. R. Co. v. State of Illinois*,
    146 U.S. 387 (1892) ......................................................................... 22

*Jacko v. Thorn Americas, Inc.*,
    121 F. Supp. 2d 574 (E.D. Tex. 2000) ..................................................... 20

*Lewis v. Rego Co.*,
    757 F.2d 66 (3d Cir. 1985) ................................................................... 6

*Long v. Bando Mfg. of Am., Inc.*,
    201 F.3d 754 (6th Cir. 2000) ................................................................. 7

*Lozano v. GPE Controls*,
    859 F. Supp. 1036 (S.D. Tex. 1994) ....................................................... 14

*Maglioli v. All. HC Holdings LLC*,
    16 F.4th 393 (3d Cir. 2021) ................................................................. 11

*Marcus v. AT & T Corp.*,
   138 F.3d 46 (2d Cir. 1998) ........................................................................ 23

*Martin v. Franklin Capital Corp.,*
   546 U.S. 132 (2005) ................................................................................. 13

*Matthews v. Centrus Energy Corp.*,
   15 F.4th 714 (6th Cir. 2021) ..................................................................... 11

*Mays v City of Flint*,
   871 F3d 437 (6th Cir. 2017) ..................................................................... 24

*Metro. Life Ins. Co. v. Taylor*,
   481 U.S. 58 (1987) ................................................................................... 23

*Mikulski v. Centerior Energy Corp.*,
   501 F.3d 555 (6th Cir. 2007) ............................................................... 8, 21

*Miller v. Bruenger*,
   949 F.3d 986 (6th Cir. 2020) ...................................................................... 8

*New Hampshire v. Maine*,
   532 U.S. 742 (2001) ................................................................................. 16

*New Mexico ex rel. Balderas v. Monsanto Co.*,
   454 F. Supp. 3d 1132 (D.N.M. 2020) ...................................................... 22

*Ohio, Pennsylvania & W. Virginia Coal Co. v. PanEnergy Corp.*,
   120 F.3d 607 (6th Cir. 1997) ................................................................... 15

*Oregon ex rel. State Land Bd. v. Corvallis Sand & Gravel Co.*,
   429 U.S. 363 (1977) ................................................................................. 22

*Peeters v. Mlotek*,
   No. CV 15-00835 (RC), 2015 WL 3604609 (D.D.C. June 9, 2015) .................. 20

*Perna v. Health One Credit Union*,
   983 F.3d 258 (6th Cir. 2020) ................................................................... 21

*Peters v. Lincoln Elec. Co.*,
   285 F.3d 456 (6th Cir. 2002) ................................................................... 12

*Powers v. Cottrell*,
   728 F.3d 509 (6th Cir. 2013) ................................................................... 13

*Queen v. Dobson Power Line Const. Co.*,
   414 F. Supp. 2d 676 (E.D. Ky. 2006) ...................................................... 19

*Raeford v. Equicredit Corp. of NC*,
  310 F. Supp. 2d 750 (M.D.N.C. 2004) ........................................................ 13

*Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*,
  894 F.2d 193 (6th Cir.1990) ...................................................................... 19

*Rodas v. Seidlin*,
  656 F.3d 610 (7th Cir. 2011) ...................................................................... 12

*Rodriguez v. Fed. Deposit Ins. Corp.*,
  140 S. Ct. 713 (2020) ................................................................................ 23

*Rulewicz v. Marathon Oil Corp.*,
  No. 1:11-CV-587, 2011 WL 6042789 (W.D. Mich. Dec. 5, 2011) .................... 19

*Scholz v. RDV Sports, Inc.*,
  821 F. Supp. 1469 (M.D. Fla. 1993) ........................................................... 20

*Sclafani v. Ins. Co. of N. Am.*,
  671 F. Supp. 364 (D. Md. 1987) ................................................................. 13

*Tabor v. Willey*,
  No. C01-1002 MJM, 2001 WL 34152085 (N.D. Iowa May 3, 2001) ................. 11

*Tilley v. Tisdale*,
  914 F. Supp. 2d 846 (E.D. Tex. 2012) ........................................................... 7

*Vaden v. Discover Bank*,
  556 U.S. 49 (2009) .................................................................................... 21

*Watson v. Philip Morris Cos.*,
  551 U.S. 142 (2007) .............................................................................. 23, 24

*Wheeldin v. Wheeler*,
  373 U.S. 647 (1963) .................................................................................. 22

*Wilson v. City of San Jose*,
  111 F.3d 688 (9th Cir. 1997) ....................................................................... 5

**Statutes**

28 U.S.C. § 1331 ........................................................................................ 21

28 U.S.C. § 1441(a) .................................................................................. 8, 21

28 U.S.C. § 1442 ........................................................................................ 10

28 U.S.C. § 1446(a)(1) ................................................................................. 25

28 U.S.C. § 1446(b) ................................................................................ 12, 20

28 U.S.C. § 1446(b)(1) ............................................................................ passim

28 U.S.C. § 1446(b)(3) ............................................................................ passim

28 U.S.C. § 1447(c) ................................................................................ 13, 24

43 U.S.C. § 1301 ........................................................................................ 4

49 U.S.C. § 60104(e) ............................................................................... 22, 24

Mich. Comp. Laws § 324.1701 ..................................................................... 3

**Other Authorities**

Wright & Miller, *Federal Practice & Procedure* § 2363 ................................... 5

**Rules**

Fed. R. Civ. P. 41(a)(1)(i) ........................................................................... 5

Mich. Ct. R. 2.116(C)(8) ............................................................................. 3

**Constitutional Provisions**

U.S. Const, art IV, cl. 2 ............................................................................. 10

**CONCISE STATEMENT OF ISSUES PRESENTED**

1. Whether Defendants' December 15, 2021 Notice of Removal, filed more than two and a half years after Defendants were served with the Complaint in this case, is untimely and procedurally defective under 28 U.S.C. § 1446(b).

2. Whether Defendants have met the burden of establishing federal subject matter jurisdiction.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

28 U.S.C. § 1446(b)

28 U.S.C. § 1331

28 U.S.C. § 1442(a)(1)

## INTRODUCTION

The federal removal statute clearly provides that a defendant must remove an action to federal court within 30 days of service.  This is not a discretionary requirement.  It is jurisdictional and is meant to be construed strictly.

The present action was pending in state court for nearly two and a half years before Defendants ("Enbridge") removed it to this Court.  Enbridge's rationalization for this remarkably dilatory act is that it had no reason to know that it could remove the case when it was initially filed, and that in the twenty-nine months since it did not learn that the action was removable until this Court blessed Enbridge's removal of a similar action filed by the State in 2020.  This contention defies the facts, the law, and basic common sense.

Enbridge has had the same removability arguments that it used to justify removal of the 2020 Case available to it since the inception of this case.  This knowledge is memorialized in its first substantive filing in response to the Plaintiff's Complaint in state court where Enbridge argued that the Plaintiff's action is completely preempted by federal law (a long-acknowledged basis for federal jurisdiction), and further made the same express preemption arguments that formed a central ingredient in its removal of the 2020 Case and that underpin its present removal effort.  Those preemption arguments were hardly under the radar.  They received considerable attention from the state court and were not only the focus of considerable inquiry at oral argument but, by the court's order, were the subject of supplemental briefing.  At the time, Enbridge was content to litigate those issues, and the merits of the State's claims, in state court. It submitted extensive state-court briefing, participated in multiple hearings before the state-court judge, and elected to remain in state court even after filing a timely notice of removal based on what Enbridge admits are substantially the same public trust claims in the State's initial pleading

1

in *Michigan v. Enbridge Partners LLP*, 1:20-cv-1142 ("2020 Case").  Even as Enbridge

vigorously argued that this Court should exercise jurisdiction over the public trust claims in the

2020 Case, it continued to submit the identical public trust claims in this case to the state court's

jurisdiction.

Now, Enbridge has changed its mind in the hopes of obtaining what it clearly perceives to

be a more favorable forum.  But it is more than two years too late, and federal courts do not

condone this type of gamesmanship and abuse of the removal statutes.  Removability turns on

whether the removing party has enough information to create an objectively reasonable basis for

seeking removal, not absolute certainty that a court will exercise jurisdiction over a properly

removed action.  Because Enbridge's knowledge of removability is written all over its pleadings

and representations to this Court in the 2020 Case and to the state court in this case, Enbridge

long ago forfeited its right to remove this case.  The case must be remanded based on this

dispositive procedural defect.[1]

## PROCEDURAL HISTORY

### *Nessel v. Enbridge in State Court*

Plaintiff filed the Complaint in this case in Ingham County Circuit Court on June 27,

2019.  It was served on the Defendants on July 12, 2019.  (Ex. 1, Register of Actions, Item 135.)

The Complaint seeks declaratory and injunctive relief—enjoining the continued operation of the

Straits Pipelines—based upon the public trust doctrine (Counts I.A. and I.B.), the common law

---

[1] Although Plaintiff also briefly addresses Enbridge's meritless jurisdictional arguments to
comply with this Court's January 5, 2022 Order (ECF No. 9, PageID.265), federal jurisdiction is
unavailable because Enbridge fails to meet its burden to show that it has complied with the
applicable removal procedures.

of public nuisance (Count II), and the Michigan Environmental Protection Act, Mich. Comp. Laws § 324.1701 *et seq.* (Count III).

Of particular relevance here, Count I.A. alleges that the 1953 Easement was void from its inception in the absence of due findings that it would enhance or at least not adversely affect the public trust.  (ECF No. 1-1, PageID.31.)  Count I.B. alleges that continued operation of the Straits Pipelines is inconsistent with the public trust.  As explained below, these claims very closely parallel claims asserted by the State in *Michigan v. Enbridge* (Case No. 1:20-cv-1142).

Enbridge filed its initial response to the Complaint on September 16, 2019.  It asserted, in a motion for summary disposition under Mich. Ct. R. 2.116(C)(8), that the Complaint failed to state a claim upon which relief can be granted.  (Ex. 2.)  Enbridge argued, among other things, that Plaintiff's claims under the public trust doctrine were expressly and impliedly (i.e., completely) preempted by the Pipeline Safety Act.  (Ex. 2 at 28–35.)  It specifically argued that "the Federal Government has occupied the entire field of pipeline safety regulation," and emphasized that "PHMSA [Pipeline Hazardous Materials and Safety Administration] regulates all aspects of pipeline operations."  (Ex. 2 at 33.)

The state court held oral arguments on the cross-motions for summary disposition on May 22, 2020.  In advance of argument, the court asked the parties to be prepared to answer questions regarding federal preemption.  (Ex. 3 at 1.)  Preemption issues (including under the Pipeline Safety Act and the Federal Submerged Lands Act (FSLA) indeed formed a substantial focus of argument (Ex. 4 at 68–79), and the court requested supplemental briefing on them. Enbridge reiterated its preemption arguments in its June 22, 2020 supplemental brief in support of its motion for summary disposition (Ex. 5 at 5–14), relying upon the Pipeline Safety Act and

also arguing that the scope of the State's public trust authority was preempted by the Federal

Submerged Lands Act, 43 U.S.C. § 1301 *et seq.*

Between June 25, 2020 and September 24, 2020, Enbridge also actively participated in

proceedings on the Plaintiff's motion for a temporary restraining order and preliminary

injunction relating to then-recently-disclosed external impacts to the Straits Pipelines

infrastructure that led to the issuance of a temporary restraining order enjoining pipeline

operation, and subsequent modifications to that order. (Ex. 1 Register of Actions Items 71

through 11.) Those proceedings included multiple hearings before, and conferences with, the

state court judge.

### *Michigan v. Enbridge*

On November 13, 2020, the Governor of the State of Michigan and the Director of the

Michigan Department of Natural Resources issued a Notice of Revocation and Termination of

the 1953 Easement and the State of Michigan, the Governor and Director filed a Complaint for

declaratory and injunctive relief in Ingham County Circuit Court to enforce the Notice. (*See*

Case No. 1:20-cv-1142, ECF No. 1-1, PageID.26-27.) Count I of the Complaint and the

corresponding sections of the Notice, Sections I.A., I.B., and I.C., very closely parallel Counts

I.A. and I.B. of the Complaint in this case*,* asserting that the 1953 Easement violated the public

trust doctrine because the Easement was void from its inception in the absence of due findings of

consistency with the public trust, and that continued operation of the Straits pipelines at their

location likewise violates the public trust. (*Id*. PageID.53–61.)

On November 24, 2020, Enbridge removed the 2020 Case to this Court. The initial

Notice of Removal asserted federal jurisdiction under the narrow "substantial federal question"

exception to the well-pleaded complaint rule recognized in *Grable & Sons Metal Prod., Inc. v.*

*Darue Eng'g & Mfg.*, 545 U.S. 308, 312–13 (2005) arguing that the Complaint "necessarily raised" substantial questions regarding the federal foreign affairs powers, and preemption under the Pipeline Safety Act and Federal Submerged Lands Act.  (*See* Case No. 1:20-cv-1142, ECF No. 1-2, PageID.116–123.)  It also asserted federal jurisdiction under the Federal Officer Removal Statute.  (*Id.* PageID.123–124.)  On December 12, 2020, Enbridge's Amended Notice of Removal asserted additional grounds for federal jurisdiction, including arguments that the state's claims "arise" under federal common law.  (ECF No. 12, PageID.239–246.)

The State filed its motion to remand, disputing each of the jurisdictional arguments advanced by Enbridge.  Following extensive briefing by the parties, this Court ultimately denied the State's motion to remand in its November 16, 2021 Order.  (ECF No. 80.)  In doing so, the Court held that *Grable* substantial federal question jurisdiction existed because resolution of the State's claims would necessarily require interpretation of two federal statutes:  the Federal Submerged Lands Act and the Pipeline Safety Act.  (*Id.* PageID.1030, 1035.)  The Court did not address Enbridge's other jurisdictional claims.  Ultimately, on November 30, 2021, the State exercised its right to voluntarily dismiss the case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).[2]

### Removal of *Nessel v Enbridge*

On December 15, 2021, Enbridge removed the *Nessel* case to this Court, making removal arguments that will sound very familiar to this Court—as in the 2020 Case, Enbridge asserts federal jurisdiction primarily under *Grable* and the contention that the Plaintiff's state law claims

---

[2] Enbridge's Notice of Removal (ECF No. 1, PageID.5–6) implies that the State's decision to exercise its right to voluntarily dismiss the 2020 Case under Fed. R. Civ. P. 41(a)(1)(i) is underhanded.  This suggestion is unwarranted.  Plaintiffs frequently assert this right in order to prosecute an action in state court. *See* 9 Wright & Miller, *Federal Practice & Procedure* § 2363 at 257–58; *see also Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) (affirming plaintiff's right to voluntarily dismiss after losing a motion to remand).

are preempted by the Pipeline Safety Act and the Federal Submerged Lands Act.  (ECF No. 1, PageID.8–9.)  Astonishingly, Enbridge claims that this removal is timely because it supposedly could not have ascertained that there were grounds for removal until this Court's November 16 Order in *Michigan v Enbridge*.  (*Id*. PageID.6–8.)  In doing so, Enbridge ignores the facts that:

- More than two years ago, in its initial response to the Complaint in state court, Enbridge argued that the Plaintiff's claims were completely and expressly preempted by the same federal laws it relies on in its present Notice of Removal.

- Instead of removing the case in 2019, it chose to litigate the merits of the Plaintiff's claims in state court, repeating and expanding its arguments that the Pipeline Safety Act and Federal Submerged Lands Act preempt the Plaintiff's claims.

- More than a year ago, in November 2020, before this very Court, Enbridge "ascertained" from the face of the closely parallel Complaint in *Michigan* that it was removable.

## LEGAL STANDARDS

28 U.S.C. § 1447(c) requires a federal court to remand a case that has been removed from state court where there is "any defect in removal procedure" <u>or</u> where "the district court lacks subject matter jurisdiction."  *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir. 1994) (quotation marks omitted).  These are separate grounds for remand, *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999), and strict compliance with removal procedures is a statutory prerequisite to the exercise of federal jurisdiction.  *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019); *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985) ("Removal is a statutory right, and the procedures to effect removal must be followed.").  The party seeking removal bears the burden of showing both that it has complied with these procedural requirements for removal *and* that federal jurisdiction exists.  *See Brierly*

*v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) (recognizing that "statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction."); *Tilley v. Tisdale*, 914 F. Supp. 2d 846, 850 (E.D. Tex. 2012) (a "removing party bears the burden of showing that federal jurisdiction exists and that removal was proper).  This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.") (quotation marks and citations omitted).  Because removal statutes implicate federalism concerns, "all doubts should be resolved against removal."  *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).

I.    **Statutory Removal Timelines.**

A state-court defendant has only two statutory opportunities to remove a civil action based on the presence of a federal question.  The first opportunity arises when a defendant receives the initial pleading in a matter.  If the pleading contains a federal question, the defendant must file a notice of removal within 30 days of receipt.  28 U.S.C. § 1446(b)(1).  The second opportunity arises only where "the case stated by the initial pleading is not removable."  28 U.S.C. § 1446(b)(3).  Where an initial pleading is not removable, a defendant must file a notice of removal within 30 days of receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *Id.* The "30-day time requirement for removal is to be strictly applied, and the failure to meet the requirement is a formal barrier to the exercise of federal jurisdiction."  *Gascho v. Glob. Fitness Holdings, LLC*, 863 F. Supp. 2d 677, 686 (S.D. Ohio 2012).

II.   **Remand due to lack of federal question jurisdiction.**

If a removing party meets its burden of proving that it has strictly complied with procedural requirements, it must then meet its separate burden of proving the existence of federal

jurisdiction.  The general removal statute provides in pertinent part that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States."  28 U.S.C. § 1441(a).  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "Whether a cause of action arises under federal law must be apparent from the face of the well-pleaded complaint.  *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020) (quotation marks omitted).  The Court must examine the face of the "plaintiff's complaint, as it is stated at the time of removal, and the defendant's notice of removal."  *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

There are only two exceptions to the well-pleaded complaint rule.  The first is the complete-preemption doctrine, which applies "when a federal statute wholly displaces the state-law cause of action through complete pre-emption."  *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (quotation marks omitted).  The other is "the substantial-federal-question doctrine, which applies where the vindication of a right under state law necessarily turn[s] on some construction of federal law."  *Id.*

## ARGUMENT

**I.    Enbridge's belated attempt to remove this case is procedurally defective.**

28 U.S.C. § 1446(b)(1) required Enbridge to remove this case within 30 days of being served.  Enbridge missed that deadline by more than 850 days.  Recognizing its extreme lateness, but desperate to remove, Enbridge attempts to shoehorn this action into 28 U.S.C. § 1446(b)(3), which provides in relevant part:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from

which it may first be ascertained that the case is one which is or has become removable.

To establish removability under this provision, Enbridge bears the burden of showing (1) the State's initial pleading was not removable; (2) Enbridge *first* ascertained that the 2019 Case was removable based on this Court's Order Denying Remand in the 2020 Case; and (3) that the Order qualifies as "an amended pleading, motion, order or other paper" for purposes of Enbridge's current removal effort.  As explained in more detail below, Enbridge cannot establish any of these elements.  Enbridge's notice of removal is thus procedurally defective, and the case must be remanded.  *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) ("The failure to comply with these express statutory requirements for removal can fairly be said to render the removal defective and justify a remand.") (internal quotation marks omitted).

### A.  Because the 2019 Complaint was removable under 28 U.S.C. § 1446(b)(1), Enbridge is foreclosed from removal under 28 U.S.C. § 1446(b)(3).

#### 1.  Removability was ascertainable from the initial pleading.

Enbridge's own actions demonstrate that the Plaintiff's initial pleading in this matter put it on notice that the case was removable when filed.  Enbridge's motion for summary disposition and 43-page brief—filed less than ninety days after receiving the Plaintiff's Complaint and before receiving any additional information from the State—asserted the same express preemption arguments that formed the successful basis for Enbridge's arguments to this Court that the 2020 Case was removable under *Grable,* as well as complete preemption, which is a well-established basis for removal.  Further, Enbridge cannot credibly contend that the 2019 Case was not removable at its inception when Enbridge timely removed the 2020 Case, which rests on the same public trust claims that the Plaintiff has pled here.  Enbridge elected not to

remove the 2019 Case when it had the opportunity to do so more than two years ago, thereby

foreclosing its current effort to remove the case under 28 U.S.C. § 1446(b)(3).

> ## 2. Enbridge's first responsive pleading in 2019 alleged both express and complete preemption, thereby demonstrating that it had actual notice that the case stated in the Complaint was removable.

Enbridge's contention that the Plaintiff's Complaint did not trigger the 30-day removal

period under 28 U.S.C. § 1446(b)(1) is meritless in light of Enbridge's response to it.  The

Plaintiff served its Complaint on Enbridge on July 12, 2019.  (Ex. 1.)  On September 16, 2019,

Enbridge filed its Motion and Brief in Support of Motion for Summary Disposition ("Brief in

Support") in lieu of an Answer.  (Ex. 2 at 28-35.)  This filing alleged that certain of the

Plaintiff's counts were barred by the same express preemption arguments under the Pipeline

Safety Act that served as the predicate for Enbridge's successful *Grable*-based arguments for

removal in the 2020 Case.  It argued "[b]ecause the PSA expressly preempts State regulation of

interstate pipeline safety, 49 U.S.C. § 60104(c), the Attorney General's reliance on the state

public trust doctrine as a tool to regulate pipeline safety must give way.  (See U.S. Const, art IV,

cl. 2.)"  (Ex 2. at 32.)

The filing further alleged implied, i.e., complete preemption, which is likewise grounds

for removability based on federal question jurisdiction.  (Ex. 2 at 32–35.)  It specifically argued

that "the Federal Government has occupied the entire field of pipeline safety regulation," and

emphasized that "PHMSA [Pipeline Hazardous Materials and Safety Administration] regulates

all aspects of pipeline operations."  (Ex. 2 at 33.)  Enbridge's latter allegation and emphasis on

PHMSA's broad authority to regulate all aspects of its operations demonstrate that Enbridge had

identified in 2019 another of its later-asserted grounds for possible removal under the Federal

Officer Removal Statute, 28 U.S.C. § 1442.

The short period of time between the filing of the Complaint and Enbridge's filing of its Motion and Brief in Support demonstrates that within the 30-day period for removal allowed by § 1446(b)(1) Enbridge had ascertained grounds for removal based on federal question jurisdiction, or at least had an objectively reasonable basis for removal. *See Tabor v. Willey*, No. C01-1002 MJM, 2001 WL 34152085, at *3 (N.D. Iowa May 3, 2001) ("Voy's request to amend his answer was not in response to any facts unascertainable at the time of his initial answer. The plaintiff has not amended his pleading nor have any additional parties been added or dropped. In short, nothing has altered the character or position of the parties in relation to the initial pleading. *If the case is removable now, it was removable then.*") (emphasis added).

Although Enbridge did not elect to remove this case based on its preemption arguments, it could have. *See Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 8 (2003) (noting that a state claim may be removed to federal court on the basis of preemption when expressly authorized by a federal statute or "when a federal statute wholly displaces the state-law cause of action through complete pre-emption"). The same express preemption claims Enbridge made in state court in 2019 were central to the removal arguments it made to this case in the 2020 Case. Moreover, it is well-established that "complete" preemption, which Enbridge also asserted, is a basis for federal question jurisdiction and grounds for removal. *Matthews v. Centrus Energy Corp.*, 15 F.4th 714, 720 (6th Cir. 2021); *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 406–07 (3d Cir. 2021) (recognizing that "although a garden-variety preemption defense would not satisfy the well-pleaded-complaint rule, a completely preempted state-law claim does.").

And it is not as if those arguments played only an incidental role in the state court litigation. After the parties completed their summary disposition briefing, the state court asked that they be prepared to answer the following at oral argument:

> Defendants raise arguments regarding federal-law preemptions.  What are other examples where federal law has been applied, pre-emptively, to activities on state-owned bottomlands in the Great Lakes, or on state-owned lands generally, and how are those examples analogous or not to the case at hand.

(Ex. 3).  After extensive discussion of preemption at argument, the court asked the parties to file supplemental briefing regarding the same, and Enbridge reiterated the preemption arguments with which this Court is well familiar.  (Ex 5 at 8-13).

Enbridge attempts to evade its choice to litigate in state court by distorting the line between removability and federal jurisdiction.[3] It baselessly relies upon *Berera v. Mesa Med. Grp.*, 779 F.3d 352, 364 (6th Cir. 2015) where the court held that the 30-day period in § 1446(b)(1) starts to run only if the initial pleading contains "solid and unambiguous information that the case is removable." (quotation marks removed).  This requirement of "solid and unambiguous information is akin to actual notice." *Id.*  "The intent of 28 U.S.C. § 1446(b) is to make sure that a defendant has an opportunity to . . . remove upon being given notice in the course of the case that the right exists." *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir. 2002) (quotation marks omitted).  "Solid and unambiguous information" sufficient to give the defendant notice that it can remove a case does not necessarily mean that the defendant will succeed in carrying its burden of demonstrating that federal jurisdiction exists, but only that the threshold for removability has been met.

---

[3] Removability and federal jurisdiction are not the same.  "[R]emoval is not a kind of jurisdiction—analogous to federal question jurisdiction and diversity of citizenship jurisdiction. Rather it is a *means* of bringing cases within federal courts' original jurisdiction into those courts." *Rodas v. Seidlin*, 656 F.3d 610, 622–23 (7th Cir. 2011) (quotation marks and citation omitted).

The legal standard for awarding costs and fees under 28 U.S.C. § 1447(c) suggests the amount of information a defendant must have to put it on notice that a case is removable.  To avoid being assessed costs and fees, a removing party is generally only required to have "an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).  Conversely, a defendant lacks an objectively reasonable basis for removal when well-settled case law makes clear that the federal court lacks jurisdiction to hear the case. *Powers v. Cottrell*, 728 F.3d 509, 520 (6th Cir. 2013).

Properly read, *Berera* stands for the proposition that the 30-day time period starts to run under § 1446(b)(1) "if the initial pleading contains solid and unambiguous information" sufficient to give the removing party "an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141.

Enbridge argues that under *Berera*, an action does not become unambiguously removable until a federal court issues an order providing jurisdictional certainty on the specific federal question at issue.  (ECF No 1, PageID.6–7.)  That is an absurd contention because it would render the statutory removal timelines inapplicable unless the specific federal question at issue has been definitively decided.  That reading of the removal statute is directly contrary to the Sixth Circuit's mandate that "all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007).  And not surprisingly, federal courts have firmly rejected it.  *See Raeford v. Equicredit Corp. of NC*, 310 F. Supp. 750, 752 (M.D.N.C. 2004); *Sclafani v. Ins. Co. of N. Am.*, 671 F. Supp. 364, 365 (D. Md. 1987) ("In *Metropolitan Life,* the Supreme Court expressly determined that an action brought in state court alleging state law claims which are preempted by ERISA is an action arising under the laws of the United States and is, therefore, removable.  Defendant in the within case was not, however, precluded, before April 6,

1987, from claiming federal preemption of state law claims under ERISA is tantamount to those claims arising under federal law.  Thus, if defendant had removed the within case to this Court within thirty days after defendant received plaintiff's complaint, defendant could have asserted the same argument upon which Metropolitan Life prevailed."); *Lozano v. GPE Controls*, 859 F. Supp. 1036, 1038 (S.D. Tex. 1994) (same); *Deaker v. Bell Helicopter Textron, Inc.*, No. CIV.A. H-94-2387, 1995 WL 559359, at *2 (S.D. Tex. Sept. 21, 1994) (same); *see also Holiday v. Travelers Ins. Co.*, 666 F. Supp. 1286, 1289 (W.D. Ark. 1987) (noting that "the defendant misconceives the theory behind removal jurisdiction" by arguing that the right to remove requires a definitive court ruling on the alleged basis for federal question jurisdiction).

Enbridge relies on the same blurred line between removability and jurisdiction in making its contention that, because of the State's vigorous opposition to its jurisdictional arguments in the 2020 Case, Enbridge lacked "unambiguous" information that this case was removeable until this Court denied the motion to remand in the 2020 Case.  But in attempting to shift the focus to the State's arguments, Enbridge turns the relevant inquiry on its head:  as the Sixth Circuit made clear in *Berera,* "Section 1446(b)'s requirement of solid and unambiguous information is akin to actual notice."  779 F.3d at 364.  And here, there is no question that Enbridge had actual notice that the very arguments that underpin its removal of this action now were available to it at the time the case was filed, as it vigorously pressed those arguments in state court.  That the State contested removability in the 2020 Case in no way undermines this conclusion, as it is well established that the adoption of differing positions in litigation between parties does not establish that the subject of the dispute is "ambiguous."  *See, e.g., Bank of Am. Nat. Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 461, 119 S.Ct. 1411, 143 L.Ed.2d 607 (1999) (Thomas, J., joined by Scalia, J., concurring.) ("A mere disagreement among litigants over the meaning of

14

a statute does not prove ambiguity; it usually means that one of the litigants is simply wrong."); *Ohio, Pennsylvania & W. Virginia Coal Co. v. PanEnergy Corp.*, 120 F.3d 607, 610 (6th Cir. 1997) (Contractual language is not rendered ambiguous simply because parties disagree over its meaning.); *Fed. Ins. Co. v. Hartford Steam Boiler Inspection & Ins. Co.*, 415 F.3d 487, 495 (6th Cir. 2005) (same).

*Berera* is indeed a slender reed for Enbridge's timeliness argument.  There, the Sixth Circuit (like the district court) found that plaintiff had artfully pled what was in truth a federal law claim as a state law one, concealing the true nature of its cause of action.  779F. 3d at 364. The court held that it was only after plaintiff's counsel acknowledged the true nature of the claim at an initial hearing that the defendant had "solid and unambiguous information" upon which it could ascertain that the case was removeable.  *Id*.  Here, there has never been any assertion of artful pleading, nor could there be because the Plaintiff's claims are clearly grounded in the state laws that form the basis of the Complaint.  Enbridge's argument regarding federal jurisdiction arises out of federal statutes that it claims are necessary ingredients of the Plaintiff's claims.  The Plaintiff has never concealed those statutes, and Enbridge was clearly aware of and asserted their relevance to this case from the very beginning.  In sum, Enbridge's unambiguous knowledge of removability is engraved in its pleadings from the very earliest stages of this case.

### 3. Enbridge should be judicially estopped from asserting that the case was not removable under 28 U.S.C. § 1446(b)(1).

At bottom, Enbridge argues that it could not have known in 2019 that this case was removable and did not know so until this Court issued its Order denying remand in the 2020 Case.  But that argument runs headlong into the fact that Enbridge removed the 2020 Case, which rests on the same principal claims as this one.  Enbridge is surely not arguing to this Court that when it sought to remove the 2020 Case, it did not believe it had a basis for doing so, and

was instead selling this Court a bill of goods.  Presumably Enbridge instead removed the 2020

Case because it believed it had a clear and good faith basis for doing so.  Having succeeded in

that effort, basic principles of honesty and candor to this Court preclude Enbridge from arguing

otherwise.  So too does the principle of judicial estoppel.

"The doctrine of judicial estoppel applies to a party who has successfully and

unequivocally asserted a position in a prior proceeding; he is estopped from asserting an

inconsistent position in a subsequent proceeding."  *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595,

598 (6th Cir. 1982).  "Because the rule is intended to prevent improper use of judicial machinery,

judicial estoppel is an equitable doctrine invoked by a court at its discretion."  *New Hampshire v.

Maine*, 532 U.S. 742, 750 (2001).  Courts look to three factors to determine whether judicial

estoppel should apply:  (1) whether a party's current position is "clearly inconsistent" with its

prior position; (2) whether a court has accepted the party's prior position; and (3) whether the

party asserting an inconsistent position would gain an unfair advantage if not estopped.  *Id.* at

750–51.  All three factors support the application of judicial estoppel here.

With respect to the first factor, Enbridge's positions on removability are clearly

inconsistent.  Enbridge's argument that removability could not have been determined from the

Plaintiff's Complaint in the instant case is flatly contradicted by its removal of the 2020 Case.

The Complaints in the instant case and the 2020 Case have a high degree of similarity for several

reasons.  First, the factual allegations are nearly identical with respect to the 1953 Easement, the

location of the pipelines, the risk of anchor strikes and magnitude of catastrophic harm.  Second,

in both cases the Plaintiffs alleged that the facts demonstrate a violation of the public trust

doctrine and propriety of revocation.  (*Compare* 2019 Complaint, Count I.A. and I.B (ECF No.

1-1 PageID.31–46) *with* 2020 Complaint, Count I (Case 1:20-cv-01142, ECF No. 1-1,

PageID.26–27, 53–61).)  Third, the relief sought in each case is nearly identical—the Plaintiff

seeks declaratory judgment that the 1953 Easement violates the public trust doctrine, declaratory

judgment that that the easement is void and revocable, and permanent injunction requiring

Enbridge to cease pipeline operations and decommission the pipelines.

Due to the similarity of the public trust counts in the two Complaints, Enbridge cannot

have it both ways.  Either both provided a basis for removal, or neither did.  Enbridge answered

the question by removing the 2020 Case and cannot change its position now in order to squeeze

into the narrow window of removability offered by § 1446(b)(3).

The second and third factors also support the application of judicial estoppel.  Enbridge

not only succeeded in persuading a court to accept its jurisdictional arguments, it persuaded *this*

Court to accept those arguments.  Now, having received an order from this Court adopting its

argument in favor of federal question jurisdiction and denying remand, Enbridge seeks to use

this Court's order to open the door to a new removal period under § 1446(b)(3) while

simultaneously contending that federal issues implicated in that order were not discernible from

a complaint raising the same public trust claims.  Consistent with the duty of candor owed to this

Court, judicial estoppel precludes Enbridge from engaging in such clearly prohibited

gamesmanship.[4]

---

[4] Enbridge's argument that this Court's Order denying the Motion to Remand in the 2020 Case
is controlling, allowing it to override Enbridge's clear awareness that it could have removed this
case years earlier also founders on the fact that as an interlocutory order, the Order was vacated
as a result of the State's voluntary dismissal of the 2020 action without prejudice.  *See, e.g.*,
*Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 547 (4th Cir. 1993) ("When
Marex filed its notice of dismissal, Titanic Ventures had not filed an answer or a motion for
summary judgment and under Rule 41(a)(1)(i) the action was terminated and *the district court's
interlocutory orders were vacated*.") (emphasis added).  Moreover, while the Court does not
need to reach the issue given all that has already been said, the order is not a qualifying
document for purposes of § 1446(b)(3) because it was not filed in the case at bar.  *See, e.g.*,

**B.** **Even under § 1446(b)(3), this Court's Order denying remand of the 2020 case is not the document from which removability could be "first ascertained".**

Even if § 1446(b)(1) did not apply here, multiple filings in this case could have conceivably triggered a 30-day removal period under § 1446(b)(3).  However, the only filing that matters for purposes of removal procedure is the "one from which it may be *first ascertained* that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3) (emphasis added). The common denominator among all of the relevant documents discussed below is that they were filed long before this Court's Order denying remand.  No matter which of these filings is the one from which removability was first ascertained, this Court's Order was not it.

**1.** **Removability was ascertainable long ago from various documents filed in state court.**

Enbridge ascertained the removability of the 2019 Case long before issuance of the order in November 2021.  The arguments advanced by Enbridge for federal question jurisdiction in its Motion for Summary Disposition in the 2019 Case and related briefing alleging express and complete preemption, as well as (i) the State's responsive briefing, (ii) the state court's instructions to the parties regarding hearing preparation and the transcript of the summary judgment hearing; and (iii) the state court's supplemental briefing order similarly put Enbridge on actual notice that the case was removable.

---

*Wisconsin v. Amgen, Inc.*, 516 F.3d 530 (7th Cir. 2008) (citing multiple cases for the rule that a qualifying document must be "filed in the suit to be removed, not some other suit").

> **2.    Removability was ascertainable long ago from various documents filed in federal court.**

If this Court determines that its Order Denying Remand is a qualifying document, then so too are the parties' federal filings in the 2020 Case as "other papers" within the meaning of § 1446(b)(3).  Documents such as (i) Enbridge's Notice of Removal of the 2020 Case (filed over 12 months before its removal filing in the instant case), (ii) Enbridge's federal Complaint (also filed over 12 months before the instant case removal filing), (iii) and the parties' briefing of the motion to remand all demonstrate that Enbridge long ago had ascertained removability.  Thus, removability was not first ascertainable by Enbridge based on this Court's Order Denying Remand.  Having not *first* ascertained removability from the Court's order, Enbridge is foreclosed from removing the 2019 Case based on § 1446(b)(3).

> **C.    Enbridge has waived its right to removal.**

Assuming for purposes of argument that Enbridge did not waive its right to remove under § 1446(b)(3) by failing to remove within 30 days of receiving the State's initial pleading, Enbridge waived its right to remove under the common law.  In the Sixth Circuit, waiver of the right to remove under the common law must be "clear and unequivocal."  *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir.1990).  In determining whether a defendant has waived its right to remove an action to federal court, the defendant's actions in state court are evaluated "*after* it is apparent that the case is removable."  *Queen v. Dobson Power Line Const. Co.*, 414 F. Supp. 2d 676, 678 (E.D. Ky. 2006) (emphasis added).  If the defendant "manifests an intent to have the matter adjudicated by the state court" after that point in time, even a timely filed notice of removal will be deemed waived.  *Rulewicz v. Marathon Oil Corp.*, No. 1:11-CV-587, 2011 WL 6042789, at *1 (W.D. Mich. Dec. 5, 2011); *Robertson v. U.S. Bank, N.A.*, 831

F.3d 757, 760–61 (6th Cir. 2016) ("[A] defendant may constructively waive the right to remove by taking substantial action in state court that manifests a willingness to litigate on the merits.").

Here, removability was apparent from Enbridge's dispositive motion arguments in state court.  As outlined in the Procedural History above, instead of removing the case on the basis of complete preemption, Enbridge chose to litigate the matter in state court.

Collectively, Enbridge's knowledge of removability and extensive participation in state court operate as a waiver under § 1446(b)(3).  *See Scholz v. RDV Sports, Inc.*, 821 F. Supp. 1469, 1471 (M.D. Fla. 1993) (holding that removal is waived where the defendant files a motion to dismiss and subsequently removes the case before a judgment is issued); *Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1125 (D.N.M. 1998) (same); *Heafitz v. Interfirst Bank of Dallas*, 711 F. Supp. 92, 96 (S.D.N.Y. 1989) (same); *Peeters v. Mlotek*, No. CV 15-00835 (RC), 2015 WL 3604609, at *2 (D.D.C. June 9, 2015) (same); *see also Jacko v. Thorn Americas, Inc.*, 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000) (noting that "further intent [to litigate in state court] is manifested when the defendant attends the hearing and asks the state judge to rule on the motion"); *Harvey v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, No. 2:13-CV-00862, 2014 WL 2967468, at *2–3  (D. Utah July 1, 2014) ("Instead of removing to federal court, defendants took various actions to proceed forward in state court; on May 29, 2013, defendants filed their reply to plaintiffs' memorandum in opposition to their motion; in early June, defendants then filed two motions to admit out-of-state attorneys *pro hac vice;* the following month, on July 22, 2013, defendants participated in oral argument on all four defenses presented in their motion to dismiss.").

In sum, Enbridge's long-delayed and abusive attempt to remove this case is grossly untimely under 28 U.S.C. § 1446(b).  That procedural defect is dispositive, and the case must be remanded to state court on that basis alone.  Accordingly, Plaintiff's arguments as to why

Enbridge also fails to meet its burden of establishing federal jurisdiction are only briefly

addressed below.

## II.    Enbridge's jurisdictional arguments are without merit.

The well-pleaded complaint rule "governs whether a case is removable" under 28 U.S.C.

§ 1441(a) because it "arises under federal law for purposes of [28 U.S.C. § 1331]." *Holmes*

*Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 & n.2 (2002).  Under it, "a

suit arises under federal law only when the plaintiff's statement of his own cause of action shows

that it is based upon federal law." *Perna v. Health One Credit Union*, 983 F.3d 258, 268 (6th

Cir. 2020).  As a result, federal "jurisdiction may not be sustained on a theory that the plaintiff

has not advanced." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003).  Nor can it rest on

"an actual or anticipated defense," *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009), even if

"both parties admit that the *only question* for decision is raised by a federal preemption defense,"

*Franchise Tax Bd. v Constr. Laborers Vacation Trust,* 463 U.S. 1, 12 (1983).

### A.    Enbridge cannot establish removal on the basis of *Grable* or federal common law.

Without mentioning the well-pleaded complaint rule, Enbridge's Notice of Removal

attempts to overcome it by relying on the "substantial federal question" exception, also known as

the *Grable* doctrine (ECF No.1 PageID8-9).[5]  Enbridge's reliance on *Grable* is misplaced

because no federal issue is necessarily raised by the Complaint, which is premised entirely on

---

[5] The other exception to the well-pleaded complaint rule, complete preemption, is not explicitly alleged in the Notice of Removal.  However, Enbridge did assert complete preemption in its still-pending motion for summary disposition in state court.  (Ex. 2 at 32–35.)  Complete preemption does not provide a basis for removal of this matter because it "requires a finding that the federal statutes at issue provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action," which is not the case here.  *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 564 (6th Cir. 2007) (quotations omitted).

state law.  In particular, the control of public trust Great Lakes bottomlands is a matter of state

common law.  *Illinois Cent. R. Co. v. State of Illinois*, 146 U.S. 387, 452–453 (1892); *Glass v.*

*Goeckel*, 703 N.W.2d 58, 63–64 (Mich. 2005) (tracing the doctrine's roots to English common

law).  Moreover, the siting and routing of interstate oil pipelines is expressly *not* regulated by the

federal government under the Pipeline Safety Act. 49 U.S.C. § 60104(e).  And, contrary to

Enbridge's assertion, the Submerged Lands Act does not define or control the scope of state

authority over bottomlands. *Oregon ex rel. State Land Bd. v. Corvallis Sand & Gravel Co.*, 429

U.S. 363, 372 n.4 (1977).

Additionally, none of the federal issues asserted by Enbridge is substantial because this is

a "fact-bound and situation-specific" dispute about the location of specific pipelines, and thus

will not "govern numerous subsequent cases."  *Empire Healthchoice Assurance, Inc. v.*

*McVeigh*, 547 U.S. 677, 690 (2006).  And moving this case to federal court would disrupt the

congressionally-approved balance of judicial responsibilities, because Congress has spoken

directly to the question of whether state law or federal law controls the siting and routing of

interstate oil pipelines.  49 U.S.C. § 60104(e).

Nor can Enbridge establish federal court jurisdiction on the basis of federal common law.

First, Enbridge only alludes vaguely to federal common law as an independent basis of removal,

which supplies the "rule of decision."  (ECF No. 1, PageID.10–11.)  As a preliminary matter, the

instances where federal common law exists are "few and restricted."  *Wheeldin v. Wheeler*, 373

U.S. 647, 561 (1963).  More importantly, it is well established that, in the context of a well-

pleaded complaint, a defendant's invocation of federal common law as a basis for removal

jurisdiction must fail in the absence of complete preemption.  *See, e.g.*, *New Mexico ex rel.*

*Balderas v. Monsanto Co.*, 454 F. Supp. 3d 1132, 1149-50 (D.N.M. 2020) ("However, even if

the Court were to ignore the well-pleaded complaint doctrine and find that Plaintiff's state law claims implicated federal common law, removal still would not be appropriate without a showing of *complete* preemption of the issues raised. Federal common law cannot support complete preemption without a 'demonstration of Congressional intent to make the action removable.'" quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)); *see also Marcus v. AT & T Corp.*, 138 F.3d 46, 53–54 (2d Cir. 1998) (rejecting argument that unpleaded federal common law provided the basis for removal of state law claims where federal common law did not completely preempt plaintiff's claims).

The Supreme Court recently reaffirmed that "before federal judges may claim a new area for common lawmaking, strict conditions must be satisfied," "one of the most basic" of which is that "common lawmaking must be 'necessary to protect uniquely federal interests.'" *Rodriguez v. Fed. Deposit Ins. Corp.*, 140 S. Ct. 713, 717 (2020) (quoting *Tex. Indus.*, 451 U.S. at 640). As set forth above, the Complaint in this matter concerns issues of state law. The fact that state law controls both the location of interstate oil pipelines and the disposition of public trust bottomlands has been affirmed by both Congress and the Supreme Court. Enbridge's argument that the Complaint implicates *uniquely* federal interests is, therefore, without merit.

**B.    Removal is not proper under 28 U.S.C. § 1442(a)(1) because Enbridge is not "acting under" a federal officer, and the actions for which it is being sued were not taken under color of federal office.**

Enbridge must not only show that it acted under the "subjection, guidance, or control" of a federal officer, but that it did so in "an effort to assist, or help carry out, the duties or tasks of a federal superior." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 151–52 (2007). "Simply complying with a regulation is insufficient, even if the regulatory scheme is highly detailed and the defendant's activities are highly supervised and monitored." *Mays v City of Flint*, 871 F3d

23

437 (6th Cir. 2017) (quotations omitted).  But Enbridge's sole contention is that PHMSA

controlled the "operation and safety management of the Straits Pipelines" through "extensive

regulation."  (Notice of Removal at 13, ¶ 30, ECF No. 1, PageID.13.)  This vague allegation,

however, simply describes the type of "regulatory/regulated relationship" that the Supreme Court

has found insufficient to support federal officer jurisdiction.  *Watson*, 551 U.S. at 157

(government's "inspection and supervision of the industry laboratory's testing" did not satisfy

acting-under standard).  Also, Enbridge fails to explain how its operation of a privately owned

pipeline helps PHMSA carry out a federal "dut[y] or task[]," *id.* at 152, much less how the

company "perform[s] a job that, in the absence of a contract with a private firm, the Government

itself would have had to perform," *id.* at 154.

Enbridge also cannot show a "causal connection between the charged conduct and the

asserted official authority."  *Bennett v. MIS Corp.*, 607 F.3d 1076, 1088 (6th Cir. 2010) (cleaned

up).  To meet this burden, Enbridge "must show that it is being sued because of the acts it

performed at the direction of the federal officer."  *Id.*  The claims against Enbridge in this case

relate to the location of the Straits Pipelines.  Enbridge does not, and cannot, claim that it was

directed by PHMSA to locate its pipelines on the bottomlands of the Straits of Mackinac.  Even

if PHMSA had existed at the time the Straits Pipelines were placed there (it was created over 50

years later, in 2004), PHMSA has no authority to "prescribe the location of routing a pipeline

facility."  49 U.S.C. § 60104(e).

## RELIEF REQUESTED

For all of the above reasons, this Court must remand this case to state court.  The Plaintiff

also requests costs and fees under 28 U.S.C. § 1447(c) because Enbridge had no "objectively

reasonable basis" for seeking removal in such clear violation of the removal time periods set

forth in both 28 U.S.C. § 1446(a)(1) and 28 U.S.C. § 1446(b)(3).

Respectfully submitted,

/s/ *Robert P. Reichel*

Robert P. Reichel (P31878)
Daniel P. Bock (P71246)
Assistant Attorneys General
Attorneys for Plaintiff
Environment, Natural Resources, and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
ReichelB@michigan.gov
Dated:  January 14, 2022          BockD@michigan.gov

LF:  Enbridge Straits (AG v)/AG #2019-0253664-C-L/Plaintiff's Brief in Support of Motion to Remand 2022-01-14