UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA NESSEL, Attorney General of
the State of Michigan, on behalf of
the People of the State of Michigan,

     Plaintiff,

v.

ENBRIDGE ENERGY LIMITED
PARTNERSHIP, et al.,

     Defendants.

_____/

Case No. 1:21-cv-1057

HON. JANET T. NEFF

## OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand (ECF No. 10).  Enbridge submitted a response in opposition (ECF No. 20), and Plaintiff replied (ECF No. 21).  Plaintiff also filed a notice of supplemental authority (ECF No. 22).  For the reasons that follow, the motion to remand is denied.

## I.     BACKGROUND

Plaintiff filed this action in Ingham County Circuit Court on June 27, 2019 (ECF No. 1-1).  The Complaint requests a declaration that the 1953 Straits of Mackinac Pipe Line Easement is void, violates the public trust, and should be revoked and that Enbridge's continued operation of the Straits Pipeline should be permanently enjoined (*id.* at PageID.19; ECF No. 1-2 at PageID.115-116).[1]  On December 15, 2021, Enbridge filed a Notice of Removal to this Court, stating that this

_____

[1] Enbridge states that the Complaint raises "claims that purport to arise under state law only" (ECF No. 20 at PageID.571).

Court has jurisdiction over this case pursuant to federal question jurisdiction, 28 U.S.C. § 1331, and stating that the case relates to two other cases in this Court: *Enbridge v. Whitmer*, Case No. 1:20-cv-1141 and *Michigan v. Enbridge*, Case No. 1:20-cv-1142 (ECF No. 1 at PageID.3, 8-15).

The three controversies relate to Enbridge's continued operation of the Straits Pipeline, which transports crude oil and natural gas liquids through several states into Canada (Opp'n to Mot. to Remand, ECF No. 20 at PageID.569).

In *Enbridge v. Whitmer*, Enbridge seeks declaratory and injunctive relief that the Notice of Revocation and Termination of Easement or Shutdown Order violates the Supremacy Clause, the Interstate Commerce Clause, the Foreign Commerce Clause, and Foreign Affairs Doctrine, referring to the federal Pipeline Safety Act, 49 U.S.C. § 60101 *et seq.*, and the 1977 Agreement between the Government of the United States and the Government of Canada concerning Transit Pipelines,[2] 28 U.S.T. 7449 (1977) ("Pipeline Treaty") (Compl., Nov. 24, 2020, ECF No. 1, Case No. 1:20-cv-1141).[3]

In *Michigan v. Enbridge*, Case No. 1:20-cv-1142, the State sought a declaration that: (1) the State properly revoked the 1953 Easement because it violates the public trust; (2) the State properly terminated the 1953 Easement because of Enbridge's repeated and incurable violations of the Easement's terms and conditions; and (3) the State properly determined that the December 19, 2018 Third Agreement does not preclude the revocation and termination of the 1953 Easement (Compl., Nov. 13, 2020, ECF No. 1-1, Case No. 1:20-cv-1142).  The State also sought a permanent

[2]  On October 4, 2021, the Government of Canada formally invoked the international dispute resolution provision of the Pipeline Treaty, and the Governments of Canada and the United States are now actively engaged in an international dispute resolution process (Suppl. Br., ECF No. 82 at PageID.1048, Case No. 1:20-cv-1142).
[3]  The Court determined that it would consider the issue of subject-matter jurisdiction before considering the issue of consolidation (Order, Feb. 18, 2021, ECF No. 20, Case No. 1:20-cv-1142).

2

injunction, enjoining Enbridge from operating the Straits Pipelines (*id.*).  Enbridge removed the

case to this Court (Notice of Removal, Nov. 20, 2020, ECF No. 1, Case No. 1:20-cv-1142).  After

the Court denied the State's motion to remand, concluding that disputed and substantial federal

issues are at stake and finding a serious federal interest in a federal forum deciding this matter (Op.

& Order, Nov. 16, 2021, ECF No. 80 at PageID.1026-1027, 1030-1035, Case No. 1:20-cv-1142),

s*ee Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005), the State

voluntarily dismissed the dispute (Notice of Voluntary Dismissal, Nov. 30, 2021, ECF No. 83,

Case No. 1:20-cv-1142).[4]

The Notice of Removal in the present action, filed on December 15, 2021, references the

Court's remand order in *Michigan v. Enbridge*, stating that the Notice is filed within thirty days of

the Court's order, which provided "solid and unambiguous information" that this case is removable

(ECF No. 1 at PageID.2, quoting *Berera v. Mesa Medical Group, PLLC*, 779 F.3d 352, 364 (6th

Cir. 2015); ECF No. 20 at PageID.570).

Plaintiff provides in the present Motion to Remand that prior to the Notice of Removal

Defendants participated in briefing and hearings on cross-motions for summary disposition and

Plaintiff's motion for a temporary restraining order and preliminary injunction in the state court

(ECF No. 11 at PageID.280-281; Hr'g on Cross-Mot. for Summ. J., ECF No. 11-4; Suppl. Br. in

Supp. of Defs' Mot. for Summ. Disposition, ECF No. 11-5).  The Court reviewed the docket of

the state court's case.  Records of the Ingham County Circuit Court show that no decision was

entered in the case before removal and the case is currently closed (Ingham County Docket Sheet,

Case No. 19-474; ECF No. 11-1; Ingham County, Michigan, Court Record Search, Case No. 19-

---

[4]  On November 24, 2020, Enbridge removed *Michigan v. Enbridge* to this Court.  On November
30, 2021, the State voluntarily dismissed the case.

474).

Plaintiff filed the Motion to Remand on January 14, 2022, less than thirty days after the notice of removal,[5] making two principal arguments in the motion: (1) removal was untimely; and (2) this case is not removable (ECF No. 11). Enbridge counters that (1) removal was proper and timely, (2) the related cases covering the same controversy should be heard in one court to avoid conflicting results, and (3) the substantial federal issues at stake should be heard in a federal forum (ECF No. 20 at PageID.571, 575, citing ECF No. 80 at PageID.1026-1027, 1030-1035, Case No. 1:20-cv-1142). Both parties contend that the other party is seeking a favorable forum, requiring this Court to consider the nature of this forum battle.

## II.    ANALYSIS

The procedural requirements and timeliness of removal are determined under federal law, 28 U.S.C. § 1446.[6] Generally, a case should be removed within thirty days of receipt of the initial pleading. 28 U.S.C. § 1446(b); *see Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir. 2002) (internal quotation and citation omitted) ("The intent of § 1446(b) is to make sure that a defendant has an opportunity to assert the congressionally bestowed right to remove upon being given notice in the course of the case that the right exists").

Alternatively, a case may be removed within thirty days of the point at which it is first ascertained that the case is removable. 28 U.S.C. § 1446(b)(3) ("a notice of removal may be filed within thirty days after receipt by the defendant . . .  of an amended pleading, motion, order or

---

[5] Generally, under 28 U.S.C. § 1447(c), a motion to remand based on a procedural defect in removal, such as untimeliness, should be made within thirty days of the filing of the notice of removal.

[6] Plaintiff is at pains to show this Court lacks jurisdiction. Plaintiff states that compliance with the removal procedures is a prerequisite for federal jurisdiction (ECF No. 11 at PageID.279). Later, Plaintiff changes position and says that removal is not a form of subject matter jurisdiction. (*id.* at PageID.290, citing and quoting *Rodas v. Seidlin*, 656 F.3d 610, 622-23 (7th Cir. 2011)).

other paper from which it may first be ascertained that the case is one which is or has become removable").  Remand of a removed case is only required where a case is removed improvidently and the court is without jurisdiction.  *See, e.g.*, *Barajas v. Wells Fargo Bank, N.A.*, No. CV 21-844-JAK-SPX, 2022 WL 819928, at *5 (C.D. Cal. Mar. 18, 2022) (internal quotation and citation omitted).

The thirty-day window, or prompt settlement of the forum question,[7] is also overcome in exceptional circumstances, where overriding federal interests or compelling equitable considerations are evidenced.[8]  *See, e.g.*, *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516-17 (6th Cir. 2003) (failure to file a motion to remand within thirty days after a notice of removal waives any defect in removal procedure); *Naji v. Lincoln*, 665 F. App'x 397, 402 (6th Cir. 2016) (a party may waive an untimeliness objection in the removal procedure); *Vogel v. U.S. Off. Prod. Co.*, 56 F. Supp. 2d 859, 864-65 (W.D. Mich. 1999), *rev'd on other grounds*, 258 F.3d 509 (6th Cir. 2001) (time limit requirement may be subject to waiver or estoppel and for the proposition that "although untimeliness is certainly a ground for remand, it does not mandate remand"); *Dufrene v. Petco Animal Supplies Stores, Inc.*, 934 F. Supp. 2d 864, 870 (M.D. La. 2012) (denying

---

[7]  *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir. 2003) (internal quotation and citation omitted) ("the time limit for removal is not jurisdictional; it is merely modal and formal and may be waived"); *Neurology & Pain Mgmt. Assocs., P.C. v. Bunin*, No. 1:16-CV-2856-LJM-MPB, 2017 WL 82512, at *3 (S.D. Ind. Jan. 10, 2017) (defects in a notice of removal can be remedied even after the thirty-day period "if the defect to be amended is a procedural defect within the defendant's claim of jurisdiction"); 14C Charles Alan Wright et al., Federal Practice & Procedure § 3736 (1998) ("The filing of a copy of the notice of removal in the state court is a procedural and ministerial act and a number of federal courts have held that a failure to do so will not defeat the district court's subject matter jurisdiction.").

[8]  Similarly, a court may "in its discretion treat a motion to remand that is filed after the 30-day deadline as timely" based on whether "strict application of these requirements would cause an unjust result." *Almonte v. Target Corp.*, 462 F. Supp. 3d 360, 364 (S.D.N.Y. 2020) (internal citations omitted).

a motion to remand based on equitable tolling and forum manipulation); *Simmons v. Sabine River Auth. of Louisiana*, 823 F. Supp. 2d 420, 426 (W.D. La. 2011) (removal under Convention on the Recognition and Enforcement of Foreign Arbitral Award not limited by thirty-day period); *Schoonover v. W. Am. Ins. Co.*, 665 F. Supp. 511, 514 (S.D. Miss. 1987) (for the proposition that the time limitation may be waived or barred by estoppel).

On a motion to remand, the removing party bears the burden of showing that removal was proper. *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007). This Court can remand the removed case to the state court only if it finds (1) defects in the removal procedure or (2) lack of subject-matter jurisdiction. 28 U.S.C. § 1447(c). Below the Court addresses Plaintiff's Motion for Remand based on the alleged untimeliness of Enbridge's removal and the alleged jurisdictional defects in removal.

A. *Timeliness*

This is the second remand motion the Court has addressed from the State Plaintiff relating to the Straits Pipeline controversy (*See* Mot. to Remand, June 1, 2021, ECF No. 41, Case No. 1:20-cv-1142). The State lost the first time on jurisdictional grounds and voluntarily dismissed the case; in the present case, the State Plaintiff seeks remand based on alleged defects in removal procedure and jurisdiction.

This remand motion cannot be taken in isolation, or apart from the Court's first remand decision, as Plaintiff admits. Plaintiff concedes that this case and *Michigan v. Enbridge* are "closely parallel" cases (Br. in Supp. of Mot. to Remand, ECF No. 11 at PageID.281). Even though this Court has previously said in that closely parallel case that the federal issues at stake should be heard in a federal forum (ECF No. 80, Case No. 1:20-cv-1142), Plaintiff asks for remand. It is apparent that Plaintiff seeks to avoid this federal forum. Plaintiff could waive any alleged removal

6

defect, but Plaintiff does not want this case in federal court, where the Straits Pipeline controversy *Enbridge v. Whitmer* is currently pending (ECF No. 20 at PageID.570-571).[9]

In essence, Plaintiff argues in its motion that the Court's November 16, 2021, order denying the motion to remand in *Michigan v. Enbridge* did not impact the removability of this case; Enbridge says it did.  Plaintiff states that the Court should look no further than the removal statute, 28 U.S.C. § 1446, because the thirty-day time limit in the statute is an absolute requirement, and, according to Plaintiff, Enbridge failed to remove this case within thirty days of receipt of information or actual notice from which Enbridge could ascertain that this case was removable (ECF No. 11 at PageID.292; ECF No. 21 at PageID.600, 602, 603, 605-606).  *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015) ("Section 1446(b)'s requirement of solid and unambiguous information is akin to actual notice.").  Plaintiff says that Enbridge's knowledge or notice of the availability of a federal forum was apparent almost from the inception of the case based on Enbridge's litigation strategy: Enbridge argued before the state court that Plaintiff's claims are expressly preempted by the Pipeline Safety Act invoking a "recognized ground for federal question jurisdiction" (ECF No. 11 at PageID.288; ECF No. 21 at PageID.605).

Enbridge takes an entirely different stance, arguing that removal was timely and proper because Enbridge removed this case within thirty days of the Court's ruling on jurisdiction in *Michigan v. Enbridge*.  That ruling, according to Enbridge, established for the first time the Court's jurisdiction and the removability of this case based on the important federal issues at stake (ECF No. 20 at PageID.569-570).  Enbridge maintains that removal to this Court "ensures that the substantial federal questions that this Court pointed to in the remand order will indeed be answered

_____

[9] Enbridge states that Plaintiff's strategy is to evade federal jurisdiction and federal law (ECF No. 20 at PageID.570-571, 574).  A hearing has been held in *Enbridge v. Whitmer*, Case No. 1:20-cv-1141, orders entered, and the parties' dispositive motions are pending before the Court.

by a federal court" (*id.* at PageID.574).

The Court's decision follows from the Court's decision as to State Plaintiff's first motion to remand, and Plaintiff's desire to return the Straits Pipeline controversy to state court.  The Court reinforces the importance of a federal forum in deciding the disputed and substantial federal issues at stake, with uniformity and consistency.  *See Grable*, 545 U.S. at 313.  The Court reads Enbridge's Notice of Removal as an effort to maintain uniform and consistent administration of this controversy.

The Court is also guided by the principle that the time limit in the removal statute is a formal requirement that can be excused.  *See, e.g.*, *Vogel*, 56 F. Supp. 2d at 865; *Wise Co. v. Daily Bread, LLC*, No. 2:11-CV-00868-CW, 2012 WL 681789, at *4 (D. Utah Feb. 29, 2012) (untimeliness excused; plaintiff not prejudiced in any legally significant way by having case heard in federal court; no significant actions taken in state court, case involves questions of federal law, and the federal nature of the case favors it being heard in federal court).  Courts have recognized that the thirty-day time limit can be avoided where jurisdiction obtains and based on the equitable administration of justice.  *See Vogel*, 56 F. Supp. 2d at 865 (cataloguing cases where an exception applied); *Berberian v. Gibney*, 514 F.2d 790, 792 (1st Cir. 1975) (the function of the removal statute "is to provide a simple means, uniformly applied irrespective of state rules, for defendants entitled to do so to remove actions from state to federal court").  The question for the Court on remand turns, primarily, on jurisdiction and the equitable administration of justice.

Enbridge states that the court's order, denying the motion to remand in *Michigan v. Enbridge*, opened the thirty-day removal window under § 1446(b)(3) because of the significance of what that order said regarding the importance of a federal forum for deciding the Straits Pipeline controversy (*id.* at PageID.575).  *See* 28 U.S.C. § 1446(b)(3) (an order can start the removal

period).  Nothing has changed since the first order denying remand; as in the earlier case, a federal forum is a proper place to decide this controversy.  That order, which found jurisdiction proper in this Court, should be seen to have tolled or excused the procedural time limit, based as well on the exceptional circumstances of the Straits Pipeline controversy.

Enbridge correctly frames Plaintiff's motion as inciting a forum dispute; since it says, that is the way the State is doing battle: Plaintiff prefers a state forum, after the Court's decision finding federal jurisdiction in *Michigan v. Enbridge*, on facts no different from the facts in this case (*id.* at PageID.571, 574-575).  According to Enbridge, the logic and motivation of the motion are clear; Plaintiff wants to avoid the important federal interests at stake and the implications of federal law to this controversy by undermining the Court's decision in *Michigan v. Enbridge* (*id.* at PageID.574, 587-589).  Indeed, in seeking to reopen the state court case, Plaintiff desires a race to judgment and a collision course between the state and federal forum, even as much as this Court has said that federal jurisdiction is proper in this Court and there are important federal interests at stake.[10]

In a battle of equity, as the State invites throughout its brief (ECF No. 11 at 280, 293-295), equity favors Enbridge.  In this battle about the correct law to apply—Plaintiff says state law;[11] Enbridge says federal law—this Court has already said important federal interests determine federal jurisdiction and a federal forum. The Court will not accept the State's invitation to undermine its previous decision and perpetuate a forum battle.

This Court previously said that it is an "appropriate forum for deciding the[] disputed and substantial federal issues" in the Straits Pipeline controversy (ECF No. 80 at PageID.1035, Case

---

[10]  "Either both [cases, *Michigan v. Enbridge* and this case] provided a basis for removal, or neither did" (ECF No. 11 at PageID.295).
[11]  Plaintiff continues to maintain that this is a purely private State matter.

No. 1:20-cv-1142).  It would be an absurd result for the Court to remand the present case and sanction a forum battle.  The thirty-day rule in the removal statute is intended to assist in the equitable administration of justice and prevent gamesmanship over federal jurisdiction, but, here, it is clear to the Court that Plaintiff is the one engaging in gamesmanship.  *See Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 286 (6th Cir. 2016).

There is another reason removal is timely and proper.  A lapsed right to remove may be restored where a litigation event, such as a court order, starts a virtually new, more complex, and substantial case.  *See Johnson v. Heublein Inc.*, 227 F.3d 236, 242 (5th Cir. 2000) (the purposes of the thirty-day limitation are "to deprive the defendant of the undeserved tactical advantage of seeing how the case goes in state court before removing, and to prevent the delay and wastefulness of starting over in a second court after significant proceedings in the first").  The Court's order in *Michigan v. Enbridge* established for the first time that this Court is an appropriate forum for deciding the substantial federal issues at stake in the Straits Pipeline controversy.   This Court is therefore the first court to recognize the scope of this dispute.  Plaintiff cannot undo or unwrite that decision.  The remand order in *Michigan v. Enbridge* did present a watershed event for removal purposes in the closely parallel case.

B.  *Removability*

Plaintiff disregards and seeks to undermine the Court's remand order on jurisdiction in *Michigan v. Enbridge* (ECF No. 80, Case No. 1:20-cv-1142).  Plaintiff continues its argument from the first remand order, arguing that removability was improper here on jurisdictional grounds. The inconsistency of Plaintiff's position in its briefing provides further equitable support that this case should remain in this Court.

Plaintiff takes inconsistent positions on removability in its motion.  First, Plaintiff says that this case *was* removable earlier in the proceeding based on the existence of Enbridge's plausible claim of complete federal preemption, which is a recognized ground for federal question jurisdiction, the invocation of federal question jurisdiction which proved successful, Plaintiff says, in the companion case *Michigan v. Enbridge* (ECF No. 11 at PageID.279, 281, 286-289; ECF No. 21 at PageID.605).  Plaintiff's language is striking: "Enbridge cannot credibly contend that the 2019 Case was not removable at its inception when Enbridge timely removed the 2020 Case, which rests on the same public trust claims that the Plaintiff has pled here" (ECF No. 11 at PageID.287). Although Plaintiff contends that Enbridge could have removed this case, because it has a legitimate basis for federal question jurisdiction and grounds for removal, and Enbridge waived that right by not removing promptly; Plaintiff also argues that this Court lacks subject matter jurisdiction over this dispute (*id.* at PageID.289, 298-301).  Remarkably, Plaintiff argues that Enbridge should be estopped from asserting inconsistent positions in this litigation on removability (*id.* at PageID.294).

The Court concludes that Plaintiff's motion must fail based on estoppel and Plaintiff's attempt to gain an unfair advantage through the improper use of judicial machinery.  The purpose of the estoppel is to safeguard the integrity of the judicial process, yet Plaintiff urges the Court to adopt inconsistent determinations on jurisdiction in the two motions to remand.  *See New Hampshire v. Maine*, 532 U.S. 742, 755 (2001).

The Court's decision, therefore, is also undergirded by Plaintiff's desire to engage in procedural fencing and forum manipulation.  *See, e.g.*, *W. World Ins. Co. v. Hoey*, 773 F.3d 755, 759, 761 (6th Cir. 2014) (for the proposition that courts regard as unfair or unseemly procedural games that encourage a forum race to res judicata and where a court has said it is better positioned

11

to evaluate and clarify the legal and factual issues) ("The essential question is always whether a district court has taken a good look at the issue and engaged in a reasoned analysis of whether issuing a declaration would be useful and fair" in clarifying the issues).  Plaintiff admits there are identical issues across the related Straits Pipeline cases (*id.* at PageID.281, 295).  Nevertheless, Plaintiff, unhappy with the result in *Michigan v. Enbridge*, is pursuing in this motion duplicative or piecemeal litigation and conflicting results; where consolidation in this Court can occur, and the Court has said, important federal issues are at stake, counseling for a federal forum.  *See Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789-93 (6th Cir. 2016) (a district court in its sound judicial administration should give regard to conserving judicial resources, minimizing duplicative or piecemeal litigation, protecting the parties and the courts from the possibility of conflicting results, and eliminating inequitable conduct).

The extraordinary circumstances of this case, Plaintiff's conduct, equity, and the Court's regard for comprehensive and efficient administration of justice demand that this case remain in federal court.  *See, e.g.*, *Tedford*, 327 F.3d at 426 (the time limits in Section 1446 are not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the time limits); *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001) ("A plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing. . . . Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping.").  The Court views such policy considerations as judicial economy, fairness, convenience, equitable administration, and consistent results as counseling for keeping this case in federal court.

Considering the motion in the proper context and totality, the Court again points to the important federal interests at stake in having this dispute heard in federal court.  Because this Court has jurisdiction and the state court did not take action during the delay, the purpose of the removal statute was not thwarted, and this Court will retain jurisdiction.  *See, e.g.*, *Ligutom v. SunTrust Mortg.*, No. C10-05431 HRL, 2011 WL 445655, at *2 (N.D. Cal. Feb. 4, 2011) (citing *Whitney v. Wal–Mart Stores, Inc.,* 2004 WL 1941345, at *1-2 (D. Me. Aug. 31, 2004) (for the proposition that the time limits in the statute can be excused; a delay of six months in completing the removal procedure did not require remand, where federal court had jurisdiction and the purpose of the statute was not thwarted, including avoiding duplicative labor and possible inconsistent results).  Here, Plaintiff seeks to perpetuate duplicative litigation and inconsistent results.  The motion is, therefore, denied.

### III.    CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 10) is DENIED.


Dated: August 18, 2022                            /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge

13