UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANA NESSEL, Attorney General of
the State of Michigan, on behalf of
the People of the State of Michigan,

     Plaintiff,

v.

ENBRIDGE ENERGY LIMITED
PARTNERSHIP, et al.,

     Defendants.
_____/

Case No. 1:21-cv-1057

HON. JANET T. NEFF

## OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Certify This Court's August 18, 2022 Opinion and Order Under 28 U.S.C. § 1292(b) (ECF No. 24).  Defendants filed a response in opposition (ECF No. 27).  Plaintiff has moved for leave to file a reply (ECF No. 28).  For the reasons stated below, the Court will grant Plaintiff's motions.

Generally, a party may appeal only final orders or judgments.  *See* 28 U.S.C. § 1291.  An interlocutory appeal under 28 U.S.C. § 1292(b) is an exception to the general rule.  Under this statute, a district court may certify an order for interlocutory appeal if (1) the appeal "involves a controlling question of law," (2) there is a "substantial ground for difference of opinion" about the answer, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  The party requesting certification bears the burden of establishing each statutory factor. *See In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013).

District courts have broad discretion in deciding whether to grant or deny an interlocutory appeal.  *See Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995).  Certification for an appeal under § 1292(b) should be "granted sparingly and only in exceptional cases."  *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

Plaintiff argues that the August 18, 2022 Opinion and Order contains three controlling issues of law which there are substantial grounds for difference of opinion: (1) whether the 30-day removal period set forth in 28 U.S.C. § 1446(b)(1) is mandatory; (2) whether this Court's order denying remand in *Whitmer v. Enbridge* constituted an order from which Enbridge could first ascertain that this case is or has become removable; and (3) whether Plaintiff's complaint necessarily raises substantial questions of federal law that give rise to federal court jurisdiction under *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).  Plaintiff further argues that an interlocutory appeal would materially advance the ultimate termination of the litigation because it would eliminate "the risk that the parties would litigate this matter to completion in this Court, only to have the Sixth Circuit ultimately hold that remand was warranted, which would require that the entire matter be relitigated in state court" (ECF No. 25 at PageID.645).

Having reviewed the record, the Court concludes that this dispute is one of the exceptional situations that compels certification.  The Court is of the opinion that each of the three issues identified by Plaintiff involve a controlling question of law, there is substantial ground for difference of opinion, and an immediate appeal will materially advance the ultimate termination of the litigation.  *See* 28 U.S.C. § 1292(b).  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Certify (ECF No. 24) is **GRANTED** and the Court **CERTIFIES** the August 18, 2022 Opinion and Order (ECF No. 23) for immediate appeal under 28 U.S.C. § 1292(b).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Reply to Defendants' Opposition (ECF No. 28) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **STAYED** and **ADMINISTRATIVELY CLOSED** pending the outcome of the interlocutory appeal.

Dated:  February  21 , 2023

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge